UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| | : | |
| CRISTINA MARIE DIBERT, | : | CASE NO. 1:23-cv-01262 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 1, 12] |
| v. | : | |
| | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | |
| | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Cristina Marie Dibert seeks review of the Social Security Commissioner's decision to deny her disability benefits application.  Dibert originally argued that the ALJ erred by applying the wrong standard of review (1) by adopting the prior ALJ's findings; (2) by failing to apply Social Security Ruling 16-3p in considering Dibert's sympotms; and (3) by finding that Dibert could perform work at the light level of exertion at Steps Four and Five of the Sequential Evaluation.[1]

On March 1, 2024, the Magistrate Judge issued her report and recommendation (R&) in this case.[2]  The Magistrate Judge rejected Dibert's three arguments.  The Magistrate Judge found that the ALJ did not apply the wrong review standard when discussing the prior ALJ's findings, that the ALJ properly applied Social Security Ruling 16-3p to Dibert's symptoms, and that the ALJ did not err at Steps Four and Five.[3]  As such, the Magistrate Judge

---

[1] Doc. 8, PageID #: 1034.
[2] Doc. 12.
[3] *Id.* at PageID #: 1079. 1080, 1083.

Case No. 1:23-cv-01262
GWIN, J.

recommended that the Court overrule Plaintiff Dibert's objections and affirm the Commissioner's decision to deny Dibert's application for disability benefits.[4]

In her objection to the R&R, Dibert maintained her first error, arguing that the Magistrate Judge incorrectly found that the ALJ used the correct standard of review when considering an ALJ's previous ALJ's findings in another Dibert benefits application.[5]  The Commissioner disagrees with Dibert's objection.[6]

For the following reasons, the Court finds that the ALJ used the correct standard of review when considering the prior ALJ's opinion.  The Court finds that substantial evidence supports the Commissioner's decision.  So, the Court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision denying Plaintiff Dibert's disability benefits.

## I.    BACKGROUND

Plaintiff Dibert previously applied for disability benefits on July 18, 2017.[7]  In that earlier disability application, Dibert claimed she had degenerative disc disease, diabetes mellitus, degenerative joint disease, obesity, depression, and posttraumatic stress disorder.[8]  On February 5, 2020, an ALJ issued a written decision denying Dibert's 2017 application.[9]

On November 5, 2020, Dibert filed a second application for disability benefits, initially alleging a disability onset date of April 17, 2017.[10]  Dibert's second application was denied initially and upon reconsideration.[11]  Dibert then requested a hearing before an ALJ.[12]

---

[4] *Id.* at PageID #: 1084.
[5] Doc. 13, PageID #: 1087.
[6] Doc. 14.
[7] *See* Doc. 7, PageID #: 118.
[8] *See id.* at PageID #: 96.
[9] *Id.* at PageID #: 111.
[10] *Id.* at PageID #: 127.
[11] *Id.* at PageID #: 124, 133.
[12] *Id.* at 162.

Case No. 1:23-cv-01262
GWIN, J.

On April 15, 2022, an ALJ conducted a hearing on Dibert's second application for disability benefits.[13]  At the hearing, Dibert amended her alleged disability onset date from April 17, 2017, to February 6, 2020, the day after the ALJ's decision on Dibert's earlier application.[14]

On May 8, 2022, the ALJ issued a written decision finding Dibert not disabled.[15]  That decision became final on April 28, 2023, when the Appeals Council declined to further review the ALJ's decision denying Dibert's application.[16]

On June 27, 2023, Dibert filed this complaint challenging the Commissioner's final decision.[17]  She raised three alleged errors.[18]  In her R&R, the Magistrate Judge found that no error called for relief.[19]

Dibert timely objected, maintaining one asserted error:  that the R&R's finding that the ALJ applied the correct standard of review was legally and factually incorrect.[20]  Dibert argues that the ALJ improperly failed to give Dibert's second application a "fresh look" required by *Earley v. Commissioner of Social Security.*[21] When the ALJ adopted the prior ALJ's findings.[22]

The Commissioner did not object to the R&R and asks that the Court adopt the R&R in full.[23]

---

[13] *Id.* at PageID #: 59-85.
[14] *Id.* at PageID #: 63.
[15] *Id.* at 39.
[16] *Id.* at 28.
[17] Doc. 1.
[18] Doc. 8, PageID #: 1034.
[19] *See* Doc. 12, PageID #: 1084.
[20] Doc. 13, PageID #: 1087.
[21] 893 F.3d 929 (6th Cir. 2018).
[22] Doc. 13, PageID #: at 1087.
[23] Doc. 14.

Case No. 1:23-cv-01262
GWIN, J.

## II.    LEGAL STANDARD

When a party objects to a magistrate judge's recommendations, courts review the objected-to portions of those recommendations de novo.[24]

A decision to deny Social Security benefits is reviewed to decide if the denial was "supported by substantial evidence and [] made pursuant to proper legal standards."[25] Whether the ALJ applied proper legal standards is a question that courts consider de novo.[26]

Substantial evidence review is more deferential.[27]  Substantial evidence exists if there is "more than a scintilla of evidence but less than a preponderance" such that "a reasonable mind might accept [the evidence] as adequate to support a conclusion."[28]  "In deciding whether to affirm the Commissioner's decision, it is not necessary that [a court] agrees with the Commissioner's finding, as long as it is substantially supported by the record."[29]

## III.    DISCUSSION

In her objection, Plaintiff Dibert argues that the R&R's finding that the ALJ properly gave her new application a fresh look, as required by *Earley*, is factually and legally incorrect.[30]  Specifically, Dibert alleges that the ALJ improperly adopted the findings of the prior ALJ, and argues those findings were contrary to evidence; failed to consider any new medical evidence; and improperly relied on state agency opinions.[31]

---

[24] 28 U.S.C. § 636(b)(1).
[25] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citation omitted).
[26] *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018).
[27] *Id.* at 745.
[28] *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).
[29] *Id.*
[30] Doc. 13, PageID #: 1087.
[31] *Id.*

Case No. 1:23-cv-01262
GWIN, J.

*Earley* "walked back the administrative application of *Drummond v. Commissioner of Social Security.*"[32]   In *Drummond*, the Sixth Circuit recognized that "principles of res judicata" can be applied against the Commissioner.[33]   That is, *Drummond* stood for the principle that "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances."[34]

But in *Earley*, the Sixth Circuit clarified that "[w]hen an individual seeks disability benefits for a distinct period of time, each application is entitled to review."[35]   "[R]es judicata only forecloses successive litigation of the very same claim."[36]   *Earley* therefore instructs ALJs to give a "fresh look to a new application containing new evidence . . . covering a period of alleged disability."[37]   "*Earley* entitles a claimant to review free of the presumption that a previous [residual functional capacity] remains a proper [residual functional capacity] for a subsequent claim."[38]

Here, the ALJ gave Plaintiff Dibert's second application a sufficiently fresh look required by *Earley*.

Dibert says that the ALJ did not consider new evidence after the alleged disability onset date, February 6, 2020.[39]   The Court finds that the ALJ did so.  The ALJ described treatment updates for each of Plaintiff's impairments for the period following February 5,

---

[32] *Dilauro v. Comm'r of Soc. Sec.*, Case No. 5:19-cv-2691, 2021 WL 1175415, at *3 (N.D. Ohio Mar. 29, 2021) (citing *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997)).
[33] *Drummond*, 126 F.3d at 842.
[34] *Id.*
[35] 893 F.3d at 933.
[36] *Id.*
[37] *Id.* at 931.
[38] *Fray v. Comm'r of Soc. Sec.*, 2021 WL 2988360, at *10 (N.D. Ohio Feb. 6, 2023).
[39] Doc. 13, PageID #: 1087.

Case No. 1:23-cv-01262
GWIN, J.

2020.[40]  Even after considering the new evidence of Dibert's condition after February 5,
2020, the ALJ concluded that Dibert's "condition remained generally the same; and therefore
she had the same severe impairments and residual functional capacity" as the prior ALJ's
2017 determination.[41]

Dibert identifies specific new medical evidence that Dibert says is not discussed in
the ALJ's decision, and says this shows that the ALJ disregarded "new and material" changes
in her condition.[42]  However, the ALJ's decision does discuss some of the new medical
evidence.[43]  As for the evidence not mentioned, "[a]n ALJ need not discus every piece of
evidence in the record for [the ALJ's] decision to stand."[44]  The ALJ's analysis demonstrates
that she reviewed the record, even though she did not discuss every piece of evidence within
it.

Dibert also argues that the ALJ's decision improperly relied on state agency opinions,
because those state agency opinion themselves improperly relied on the prior ALJ's
findings.[45]  However, those state agency opinions also considered evidence from after the
prior ALJ's February 2020 decision.[46]  "[W]hile the state agency [experts] did review the [prior]
residual functional capacity to reach their decision, this review does not negate that they also
considered [Dibert's] new medical evidence."[47]  The Court therefore finds that the ALJ's

---

[40] *See* Doc. 7, PageID #: 49-51 (discussing treatment records from March 3, 2020; April 3, 2020; June 2, 2020; July 20, 2020; July 27-30, 2020; August 17, 2020; August 27, 2020; September 18, 2020; October 27, 2020; and May 23, 2021).
[41] Doc. 7, PageID #: 51.
[42] *See* Doc. 13, PageID #: 1088-89.
[43] *See* Doc. 7, PageID #: 49 (discussing April 3, 2020 treatment records); *id.* at PageID #:
[44] *Rottman v. Comm'r of Soc. Sec.*, 817 F. App'x 192, 195 (6th Cir. 2020) (quoting *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004)).
[45] Doc. 8, PageID #: 1044.
[46] *See* Doc. 7, PageID #: 119, 128.
[47] *Austin v. Comm'r of Soc. Sec.*, No. 22-cv-02003, 2024 WL 415482 at *5 (N.D. Ohio Feb. 5, 2024) (citing *Early*, 893 F.3d at 934).

Case No. 1:23-cv-01262
GWIN, J.

decision that evidence did not show significant worsening from the last RFC is supported by
substantial evidence.

Finally, Dibert compares her case to *Dilauro v. Commissioner of Social Security.*[48] In
*Dilauro*, this Court held that an ALJ neglected to give a plaintiff's second application the fresh
look required by *Earley*. The *Dilauro* Court reasoned that no fresh look was given because
the ALJ determined that "no new and material evidence exist[ed] to justify not adopting the
residual functional capacity from the previously adjudicated period."[49] And, the *Dilauro* ALJ
gave "great weight" to state agency opinions that the prior ALJ had relied on in the original
denial.[50]

The present case stands in contrast to *Dilauro*. Unlike *Dilauro*, the ALJ did not find
that no new evidence existed. Rather, as discussed, the ALJ explained that she had carefully
considered the new evidence from after February 5, 2020.[51] And, the ALJ stated that she
"[could not] defer or give any specific evidentiary weight, including controlling weight, to
any prior administrative medical finding(s) or medical opinion(s), including those from
medical sources."[52]

## IV.  CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff Dibert's objections. The
Court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision denying benefits.

IT IS SO ORDERED.

Dated: May 13, 2024                       s/      *James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[48] 2021 WL 1175415 at *3.
[49] *Id.*
[50] *Id.* at *4.
[51] Doc. 7, PageID #: 48, 51.
[52] *Id.* at 51.